Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 9001

| | |
|---|---|
| BRYAN C. KELLER, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) COMPLAINT AND DEMAND FOR |
| ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC., | ) JURY TRIAL |
| | ) (Unlawful Debt Collection Practices) |
| Defendant. | ) |

RECEIVED DEC 19 2013 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

BRYAN C. KELLER ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Defendant conducts business and maintains its headquarters in the State of New York, therefore personal jurisdiction is established.

1

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person, who resides in Otis Orchards, Washington.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company, which maintains its headquarters at 335 Madison Ave., 27th Floor, New York NY 10017.

8. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff, related to a student loan.

11. Upon information and belief, the alleged debt arose out of transactions that were for personal, family or household purposes.

12. Further, as Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

13. Throughout July 2013, Defendant's collectors, including "Elisa Sloan," placed repeated, harassing telephone calls to Plaintiff's work and cellular telephone numbers.

14. On at least one occasion, July 31, 2013, Defendant called Plaintiff four times in one day.

15. Defendant's collectors are seeking a debtor named "Brian Keller", who spells his name differently, and who Defendant says attended Portland State University ("PSU").

16. Plaintiff, "Bryan Keller" attended Linfield University, paid off his student loans in 1993, and has confirmation of payment from US Bank and the Department of Education.

17. Plaintiff did attend graduate school at PSU, but did not do so through use of any student loan.

18. Plaintiff has fully advised Defendant's collectors they are calling for the wrong person and he has no student loan debt, but they failed to listen and continued to call anyway.

19. Once told of the above facts, there was no lawful purpose for calling Plaintiff.

20. Upon information and belief, Defendant did not investigate or verify the information Plaintiff provided about being a different person, and spelling his name different from the debtor Defendant sought.

21. Defendant did not continue to collect in error, rather it continued to collect in direct and intentional disregard of the facts Plaintiff provided.

22. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff, as there could not have been any other purpose for its actions.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

24. Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to ring with intent to annoy, abuse, or harass as a violation.

25. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it repeatedly and continuously placed telephone calls to Plaintiff's work and cellular telephone with the intent to annoy, harass or abuse Plaintiff in connection with the collection a debt owed by a third party, and when it engaged in other harassing conduct.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1692e(2)(A) and 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692(e) of the FDCPA prohibits the use of false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Section 1692(e) of the FDCPA prohibits the false representation of the character, amount, or legal status of any debt.

28. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false, deceptive or misleading representation or means in connection with collection of any debt, particularly using such representation or means to obtain information concerning a consumer.

29. Defendant violated sections 1692(e), 1692e(2)(A), and 1692e(10) of the FDCPA when Defendant's collectors attempted to collect a debt from Plaintiff that he did not owe, and when it engaged in other false, deceptive or misleading practices.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

31. Defendant violated § 1692f of the FDCPA when it placed repeated telephone calls

to Plaintiff, attempted to collect a debt from Plaintiff that he did not owe, and when it engaged in other unfair and unconscionable practices.

WHEREFORE, Plaintiff, BRYAN C. KELLER, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRYAN C. KELLER demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

DATED: 12/16/13

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT